FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

SEP 0 8 2004

CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JESSE TRUJILLO,

    Plaintiff,

v.

No. CIV-04-0635 MV/WDS

JOE WILLIAMS, Secretary,
ELMER BUSTOS, Director, New
Mexico Department of Corrections,
GENE JOHNSON, Director,
___ HUFFMAN, Regional Director,
SK YOUNG, Warden, Institutional
Classification Authority, Virginia
Department of Correction,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte*, under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but



liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff is a New Mexico prisoner who was transferred to a prison in Virginia. In his complaint, Plaintiff names as Defendants two New Mexico corrections officials and several Virginia officials. He alleges that Defendants have improperly classified and segregated him, denied him access to legal materials and the courts, and provided him an inadequate diet. Plaintiff claims Defendants' actions have violated a number of his constitutional protections. Plaintiff seeks equitable relief and damages.

No relief is available on Plaintiff's allegations against the New Mexico Defendants for improper classification and denial of access to the courts. First, Plaintiff has no due process rights to a particular classification. *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). And second, Plaintiff's claim for denial of access to the courts, requires that he "establish relevant actual injury," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), resulting from officials' actively interfering with his attempts to prepare and file legal documents, *id.* at 350. The Supreme Court's "main concern here is 'protecting the ability of an inmate to prepare a petition or complaint.'" *Bounds v. Smith*, 430 U.S. 817, 828 n.17 (1977) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974)). Plaintiff's § 1983 action may not be based on claims of an "abstract, free-standing right to a law library or legal assistance, . . . [or] that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Lewis*, 518 U.S. at 351. Here, Plaintiff only alleges delays in obtaining certain New Mexico legal materials from New Mexico. Because the Constitution does not ensure the access requested by Plaintiff, and because Plaintiff does not allege any active interference with his preparation and filing of papers, no relief can be granted on his claim. These claims will be dismissed.

Plaintiff's remaining claims against the Virginia Defendants will also be dismissed. This Court clearly has no jurisdiction of Virginia corrections officials or state employees. *See Stein v. New York Police Dep't*, No. 95-6141, 1996 WL 32135, at **1 (10th Cir. 1996); *and see Far West Capital, Inc., v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995) (diversity action). Nothing in the complaint indicates any connection between the Virginia Defendants and the State of New Mexico such that *in personam* jurisdiction could properly be exercised, *see McChan v. Perry*, No. 00-2053, 2000 WL 1234844, at **1 (10th Cir. Aug. 31, 2000) (noting "no factual allegations that these defendants had any contacts whatsoever with New Mexico"), although the Virginia Defendants could consent to this Court's jurisdiction, *see Leroy v. Great Western United Corp.*, 443 U.S. 173, 180 (1979) (explaining lack of personal jurisdiction "may be waived by the parties"). Furthermore, venue is improper in this district. *See* 28 U.S.C. § 1391(b); *Flanagan v. Shively*, 783 F. Supp. 922, 935 (M.D. Pa.), *aff'd*, 980 F.2d 722 (3d Cir. 1992); *Robinson v. Love*, 155 F.R.D. 535, 536 n.1 (E.D. Pa. 1994). Under these circumstances, claims against the Virginia Defendants could be severed and transferred to Virginia under 28 U.S.C. § 1406(a) and Fed.R.Civ.P. 12(b)(2) & (3); *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1520-21 (10th Cir. 1991), or dismissed, *Robinson*, 155 F.R.D. at 536 n.1. Accordingly, claims against the Virginia Defendants will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's claims against the New Mexico Defendants are DISMISSED with prejudice; Plaintiff's claims against the Virginia Defendants are DISMISSED without prejudice; and, pursuant to Fed.R.Civ.P. 58(a)(2)(A)(iii), judgment will be entered in accordance with this opinion.

_____
UNITED STATES DISTRICT JUDGE

3