IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JESSE TRUJILLO,

        Plaintiff,

v.                                          No. CIV-04-0635 MV/WDS

JOE WILLIAMS, Secretary,
ELMER BUSTOS, Director New
Mexico Dept. of Corrections,
GENE JOHNSON Director,
___ HUFFMAN Regional Director,
SK YOUNG, Warden, INSTITUTIONAL
CLASSIFICATION AUTHORITY,
VIRGINIA DEPARTMENT OF CORRECTIONS,

        Defendants.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court on remand from the Court of Appeals for the Tenth Circuit. In an opinion reversing in part and remanding the matter, the Court of Appeals directed this Court to "determin[e] . . . whether Mr. Trujillo's claims against the Virginia defendants should be transferred rather than dismissed. . . ." *Trujillo v. Williams*, 465 F.3d 1210, ----, slip op. at 23 (10th Cir. 2006); *see also* 28 U.S.C. § 1631. The Court of Appeals also reversed this Court's dismissal of Plaintiff's claims for denial of due process, access to the courts, and equal protection. This Court was further directed that Plaintiff be allowed "to amend his complaint to allege facts sufficient to 'overcome a presumption of government rationality,' " *Trujillo*, 465 F.3d at ----, slip op. at 35 (quoting *Brown v. Zavaras*, 63 F.3d 967, 971 (10th Cir. 1995)), as to his equal protection claim.

      In remanding the issue of Plaintiff's claims against the Virginia defendants, the Court of Appeals noted several factors that this Court should consider in determining whether to transfer or

dismiss these claims.  *See Trujillo*, 465 F.3d at ---- n. 16, slip op. at 23.  The first of these factors is whether a new action against those defendants would be time barred at this point.  *See Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000).  Some of the events giving rise to Plaintiff's claims occurred as early as 2002, and it is assumed for purposes of this order that a complaint against the Virginia defendants would be time barred.

Another factor is whether Plaintiff's claims against the non-resident defendants "are likely to have merit." *Trujillo*, 465 F.3d at ---- n. 16, slip op. at 23; *Haugh*, 210 F.3d at 1150 n. 4.  Plaintiff alleges that the Virginia defendants denied him minimal procedural due process when he was placed in segregation, and a regional director "deemed [his] grievance founded."  He was kept in segregation for nearly 750 days.  The Court expresses no opinion as to the ultimate merit of Plaintiff's claims, but these allegations clearly survive scrutiny under 28 U.S.C. §§ 1915, 1915A, and Fed. R. Civ. P. 12(b)(6).

A third factor is whether the instant action against the non-resident defendants was filed in good faith.  *See Trujillo*, 465 F.3d at ---- n. 16, slip op. at 23; *Trierweiler v. Croxton & Trench Holding Co.*, 90 F.3d 1523, 1544 (10th Cir. 1996).  Plaintiff concedes that in 2002 he filed an action in Virginia raising claims of denial of due process, access to the courts, and cruel and unusual punishment.  He states that his appeal from that action was dismissed.  It thus appears possible that Plaintiff's complaint in this Court is a second attempt to litigate claims against the Virginia defendants and Plaintiff "either realized or should have realized that the [New Mexico] forum . . . was improper." *Trierweiler*, 90 F.3d at 1544.  Nonetheless, if these claims are severed and returned to Virginia, *see* Fed. R. Civ. P. 21; *F.D.I.C. v. McGlamery*, 74 F.3d 218, 222 (10th Cir. 1996), the Virginia court could expeditiously apply the doctrine of res judicata.  Because the first two factors weigh in favor

of transfer rather than dismissal, the Court finds that in the interest of justice, *see* § 1631, Plaintiff's claims against the Virginia defendants should be transferred.

Process will be issued on the remaining claims in the instant action after Plaintiff has had the opportunity to amend his complaint in accordance with the opinion of the Court of Appeals.

IT IS THEREFORE ORDERED that, to the extent this Court's judgment and memorandum opinion and order entered on September 8, 2004, dismissed claims against Virginia Defendants, the judgment (Doc. 9) and memorandum opinion and order (Doc. 8) are VACATED and SET ASIDE;

IT IS FURTHER ORDERED that, under 28 U.S.C. § 1631 and Fed. R. Civ. P. 21, Plaintiff's claims against the Virginia Defendants are hereby SEVERED from this action and will be TRANSFERRED to the United States District Court for the Western District of Virginia; and the Clerk is directed to send certified copies of this order and Plaintiff's complaint, with a copy of the docket, to the United States District Court for the Western District of Virginia;

IT IS FURTHER ORDERED that, within twenty (20) days from entry of this order, Plaintiff may file an amended complaint in this Court, in accordance with the opinion of the Court of Appeals.

_____
UNITED STATES DISTRICT JUDGE