THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JESSE TRUJILLO**

    **Plaintiff**

v.                                            **No. CIV-04-0635  MV/WDS**

**JOE WILLIAMS, Secretary, et al.**

    **Defenda nts**

## ORDER

**THIS MATTER** came before the Court on Defendants' Motion to Dismiss, filed June 15, 2007 **[Doc. No. 25]**.  Having reviewed the record *de novo* and considered the United States Magistrate Judge's Proposed Findings and Recommended Disposition, and Plaintiff's objections thereto, and being otherwise fully advised, this Court finds that Defendants' Motion to Dismiss should be **GRANTED in part** and **DENIED in part**.

     As to Plaintiff Jesse Trujillo's Fourteenth Amendment due process and equal protection claims, this Court **GRANTS** Defendants' Motion to Dismiss.  The findings and recommendations of the United States Magistrate Judge are hereby adopted as to these claims and Plaintiff's objections to these claims are overruled.

     As to Plaintiff Jesse Trujillo's claim that he was denied his constitutional right of access to the courts, this Court **DENIES** Defendants' Motion to Dismiss and **GRANTS** Mr. Trujillo leave to amend his complaint as to this claim.  This Court notes that in opposing Defendants' Motion to Dismiss, Mr. Trujillo alleged that due to a change in policy, he is no longer allowed to send postage-free requests to the law library in New Mexico, even though he is indigent **[Doc. No. 30]**.  No matter how adequate a library system may be, if a prisoner is denied the ability to use or contact the library, it will not suffice to guarantee the prisoner's fundamental right of

access to the courts.  As Mr. Trujillo's allegations regarding postage were not included in his Complaint, the United States Magistrate Judge did not consider these allegations in making his recommendation that the case be dismissed.

This Court will allow Mr. Trujillo to amend his complaint with respect to his claim that he was denied access to the courts to add these new allegations, including what steps Mr. Trujillo took to exhaust his administrative remedies as to these claims.  Additionally, in granting Mr. Trujillo leave to amend his complaint, this Court reminds Mr. Trujillo that he must show that the denial of access to the court prejudiced him in pursuing litigation.  As this Court cautioned Plaintiff in *Trujillo v. Williams*, 465 F.3d 1210, 1226-27 (10th Cir. 2006), conclusory allegations are not sufficient—plaintiffs should describe the specific legal materials sought, clarify why the available resources are inadequate, and explain that the legal claim being pursued in nonfrivolous.

**WHEREFORE, IT IS ORDERED** that Mr. Trujillo shall have 75 days to amend his complaint as to his claim that he was denied access to the courts.  If Mr. Trujillo elects not to amend his complaint, Defendants may renew their motion to dismiss.

**IT IS FURTHER ORDERED** that Plaintiff Jesse Trujillo's Fourteenth Amendment due process and equal protection claims are dismissed with prejudice.

**THIS CASE IS HEREBY REFERRED** back to United States Magistrate Judge W. Daniel Schneider for further proceedings in accordance with this Order.

**DATED** this 30th day of September, 2009.

_____
**MARTHA VÁZQUEZ**
**Chief United States District Judge**