IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


JESSE TRUJILLO,

Plaintiff,

v.                                                    No. CIV-04-0635 MV/WDS

JOE WILLIAMS, Secretary,
ELMER BUSTOS, Director New
Mexico Dept. of Corrections,

Defendants.


**MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION[1]**

Plaintiff Jesse Trujillo, a *pro se* prisoner proceeding *in forma pauperis*, filed ths 42 U.S.C. §1983 claim against various New Mexico corrections officials alleging 14th Amendment Due Process and Equal Protection violations, as well as a claim for denial of access to the Courts. Defendants Williams and Busto filed an Answer and Motion to Dismiss (Document 25), to which plaintiff filed opposition. The only issue remaining before the Court is Plaintiff's claim for denial of access to the courts. The Court has read and considered all of the pleadings and evidence submitted by the parties. The United States Magistrate Judge, having considered the arguments of the parties, the record, relevant law, and being otherwise fully advised, finds and recommends that the Motion to Dismiss be granted in part and that Plaintiff's Complaint be granted in part. The Court makes the following findings and recommended disposition.

---

[1] Within fourteen (14) days after a party is served with a copy of this report and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such report and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

**PROCEDURAL AND FACTUAL HISTORY**

The initial Report and Recommendations in this matter (Document #62) recommended the dismissal of Plaintiff's 14th Amendment Due Process and Equal Protection claims, as well as dismissal of Plaintiff's access to the court claim. Based on the objections filed by Plaintiff, Chief District Judge Vazquez ordered the dismissal of the 14th Amendment claims but granted leave to Plaintiff to file an amended complaint adding new matter to his access to the courts claim. (Document #67) Plaintiff appealed the dismissal of his 14th Amendment claims, and the 10th Circuit affirmed the dismissal of those claims (Document # 104), leaving only the issue of access to the courts to be resolved.

Plaintiff is a New Mexico inmate who is being housed in Virginia pursuant to the Interstate Corrections Compact. ("ICC") Plaintiff's original access to the court claim alleged that he was expected to know exactly what legal material he needed without any knowledge of what was available to him–an "exact cite" system. In his Amended Complaint (Document #72) Plaintiff alleged that he was being charged postage to send requests for legal material from Red Onion State Prison ("ROSP") in Virginia to New Mexico. Plaintiff also alleged that he was being charged postage to send grievances from Virginia to the New Mexico Department of Corrections. Plaintiff alleged that he is indigent, and the requirement to pay postage limits his access to the courts, and forces him to choose between sending mail to his family or sending requests for legal material or grievances to the New Mexico Corrections Department. ("NMCD") Plaintiff also alleges that NMCD failed to provide him with a copy of a statute relevant to his case, instead advising him that the statute was "outdated" and that he should contact the University of New Mexico Law Library to obtain the material. These issues will be addressed in this Report and Recommendation.

After Plaintiff filed his amended complaint, the Court directed Defendant to provide a

Martinez Report that addressed the new matter in the complaint. Defendant did so, and included a brief alleging that Plaintiff was not entitled to unlimited free postage for legal and non-legal mail. (Document #91) The Court has deemed Defendant's Martinez Report a motion for summary judgment on Plaintiff's most recent amended complaint. Plaintiff filed a Response to the Martinez Report, which the Court has deemed a cross motion for summary judgment on the Plaintiff's allegations of denial of access to the courts.

## STANDARD OF REVIEW AND ANALYSIS

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. *Celotex v. Catrett*, 477 U.S. 317 (1986). The moving party must initially establish the absence of a question of fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). Thereafter, Rule 56 requires the responding party to go beyond the pleadings and identify sufficient evidence to show that there is a genuine issue for trial. *Allen v. Muskogee Oklahoma*, 119 F.3d 837, 841 (10th Cir. 1997) *cert. denied*, 118 S. Ct. 1165 (1998).

An issue is "genuine" if "a rational juror could find in favor of the nonmoving party on the evidence presented." *EEOC v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184 (10th Cir. 2000). The inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). Although the Court views the evidence in a light most favorable to the nonmovant, it is not enough that the nonmovant's evidence be "merely colorable" or anything short of "significantly probative." Where the record taken as a whole could not lead a rational trier of

3

fact to find for the nonmoving party, there is "no genuine issue for trial." *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986)(citing *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 289, 20 L. Ed. 2d 569, 88 S. Ct. 1575 (1968)).

The Supreme Court's access to courts jurisprudence requires that prisons provide to inmates either adequate legal assistance or access to an adequate legal library. See *Bounds v. Smith*, 430 U.S. 817, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977). Federal courts have condemned library access programs that require an inmate to provide an exact citation without help or access to a physical library or "starter" materials like treatises, citators, or digests. See *Cepulonis v. Fair*, 732 F.2d 1, 4 (1st Cir. 1984) ("It is unrealistic to expect a prisoner to know in advance exactly what materials he needs to consult."); *Rich v. Zitnay*, 644 F.2d 41, 43 (1st Cir. 1981) (holding that "the requirement that plaintiffs supply precise citations to the University of Maine Law School is obviously a Catch 22"); see also *Messere v. Fair*, 752 F. Supp. 48, 50 (D. Mass. 1990)("Because specific citations are required to access materials from the state library, I find that this copying service fails to satisfy constitutional requirements. It is doubtful that many lawyers and judges could do minimally adequate research if they were required to request materials by mail via specific citations."); see also *Clayton v. Tansy*, 26 F.3d 980, 982 (10th Cir. 1993).

At the request of the Court, the defendants provided Corrections Department Policy 121000, titled Legal Access, for the Court's review. The purpose of the document is to "ensure that all inmates have direct access to the courts in allowable legal actions." The document includes an example of a document captioned "Inmate Request for Legal Access." An inmate requesting legal access is directed to "Briefly describe your legal problem or question. (Use a blank sheet of paper if additional room is needed.). The inmate is also directed to note a court imposed deadline, if any.

Inmates are advised that form packets are available for various types of legal actions such as tort, state habeas, civil rights, federal habeas and state appeal.

Inmates are provided with a list of available "Legal Texts and Resource Material" including, for example, frequently requested caselaw such as *Lewis v. Casey*, *Ferguson v. NMCD*, *Porter v. Nussle* and *Shaw v. Murphy*. Also included are state and federal court rules, NMCD policies, and frequently requested statutes such as the 1996 Prison Litigation Reform Act, 1996 Antiterrorism and Effective Death Penalty Act, and the Americans with Disabilities Act. According to Attachment 121001.D, once the designated staff member reviews the prisoner's request form, the staff member is directed to determine whether the issue on the request form meets the criteria of a qualified legal request[2], and if it does the staff member is directed to provide qualified legal assistance.

Sean Shannon was the staff member employed by the NMCD to respond to out-of-state inmate requests, and he submitted an affidavit recounting his interaction with plaintiff from 2002 to 2004. Plaintiff submitted four requests during that period of time. The first two requests were for specific documents, but there is no indication that plaintiff was compelled to make such specific requests, rather than that he knew what he was asking for. Plaintiff's two subsequent requests, in fact, include the sort of "issue" requests that would not have been deemed sufficient if NMCD were operating an "exact cite" system. Plaintiff's requests include a general request for habeas corpus and mandamus statutes, a general request for mandamus and in forma pauperis forms, and a general request for information regarding where and how those forms should be filed. Mr. Shannon responded by supplying copies of court rules that answered plaintiff's questions, and which had not

---

[2]For "non-qualified legal claims" such as divorce or dissolution of marriage, restoration of drivers license, motion for reconsideration of sentence, or probate law, the NMCD provides sample forms to be hand copied by the prisoner and returned unmarked.

been requested by cite by plaintiff. Mr. Shannon also provided a free process packet and a list of court addresses that was responsive to plaintiff's other general requests.

Finally, plaintiff submitted a request to Mr. Shannon in which he stated that he was not exactly sure what he was looking for, but that it was in regard to life sentence statutes and parole eligibility prior to July 1, 1979. Again, Mr. Shannon provided the statute that was responsive to Plaintiff's general request, and offered the additional information that outdated statutes could be obtained through the University of New Mexico Law Library, address enclosed.

There is no genuine issue as to any material fact regarding whether NMCD's legal access policy constitutes an "exact cite" system. It does not. Policy CD-121000 does not describe an exact cite system, and Plaintiff's legal requests, and Mr. Shannon's response to them, negate the suggestion that the system was operated as an exact cite system notwithstanding the provisions of CD 121000.

As to the new matter contained in Plaintiff's most recent Amended Complaint, the Court first notes that the past exchanges between Mr. Shannon and plaintiff typically took over two weeks to complete, with Mr. Shannon typically completing his work within days. The majority of the time involved passage of the mail through the prison legal systems. Furthermore, it is undisputed that the ICC requires the sending state to provide legal assistance to prisoners housed out-of-state. Accordingly, New Mexico is responsible for ensuring Plaintiff's access to the courts and legal material.

Significantly, New Mexico prisoners housed in New Mexico are not required to pay postage to mail their legal requests or grievances to the responsible NMDC employee. The requests are not mailed at all, but sent through internal distribution. The reason Plaintiff is required to pay postage to send such requests is that NMDC chose to house him out-of-state under the ICC, and the

receiving state, Virginia, has apparently decided to charge Plaintiff postage.

Respondent filed a Martinez Report at the request of the Court, addressing the issues raised in Plaintiff's Amended Complaint. In a brief accompanying the Martinez Report, Respondent cited *Bounds v. Smith*, 430 U.S. 817, 824, 97 S.Ct. 1491 (1977) for the proposition that indigent inmates must be provided at state expense "with the basic material necessary to draft legal documents and with stamps to mail them." But Respondent also argued that although prisoners have a right of access to the courts, they do not have a right to unlimited free postage, and prison authorities are able to make "a reasonable attempt to balance the right of prisoners to use the mails with prison budgetary considerations." *See, Gaines v. Lanes*, 790 F.2d 1299, 1308 (7th Cir. 1985)

The problem with Respondent's position is that by requiring Plaintiff to pay postage to send requests for legal forms and research, they are forcing him to expend personal funds to obtain the "basic material necessary to draft legal documents." They are also imposing a personal cost that would not be incurred if Plaintiff had not been sent out of state. The decision to send Plaintiff out of state, of course, was for NMDC's convenience.

Furthermore, the Court takes judicial notice of the fact that the cases cited by Respondent are over 25 years old. Given the technological advances over the intervening period of time, it is not clear to the Court why Plaintiff has to send his requests for legal information via first class mail at all. Presumably, ROSP has staff responsible for providing legal assistance to Virginia prisoners. The Court further presumes that ROSP legal staff can communicate with NMDC legal staff via facsimile or e-mail, for example, such that Plaintiff could hand his legal request forms to VaDOC staff and have them transmitted to New Mexico. The Court will not dictate to NMDC the specific procedure to be used, but finds that Plaintiff's complaint regarding a postage charge for sending requests for legal assistance to the designated staff at NMDC is well taken, and recommends that

relief be granted on the petition.

For the same reasons, the Court finds Plaintiff's complaint regarding grievances to be equally well taken. Whether Plaintiff is housed in Virginia or New Mexico, he is a New Mexico prisoner and should have the same access to the NMDC grievance process as any other New Mexico prisoner. To the extent that certain matters, such as legal research, remain the responsibility of the sending state, Plaintiff is entitled to file appropriate grievances directly with NMDC without the expenditure of personal funds to pay for postage.

Finally, the Plaintiff's request for the version of a statute that was in effect at the time when Plaintiff appears to have been convicted and sentenced is not unreasonable. An "adequate" law library can fairly be said to be one in which a prisoner is able to obtain statutes that are relevant to his case, rather than versions of those statutes that are outdated or superceded. The Court recommends that the Defendant be directed to provide the requested copy of N.M.S.A §31-21-10.

Accordingly, within fourteen days of the entry of this order, NMDC is directed to either: 1) file with the Court a plan which will enable Plaintiff to send legal requests and grievances to NMDC at no expense to himself, or 2) file objections to this Report and Recommendation. Upon receipt of NMDC's filing, Plaintiff is granted fourteen days in which to file a response both to this Report and Recommendation and to NMDC's filing.

## RECOMMENDED DISPOSITION

The Court recommends that defendant's Motion to Dismiss be granted as to Plaintiff's claim that he is denied access to the courts because NMDC has an "exact cite" legal research system. The Court recommends that Plaintiff be granted relief on the 42 U.S.C. §1983 claim presented in his

Amended Complaint, (Document #72), i.e., to the extent he seeks an "outdated" copy of N.M.S.A §31-21-10 and postage-free access to legal research materials and the NMDC grievance process.

                                                      _____
                                                      W. Daniel Schneider
                                                      United States Magistrate Judge