IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JESSE TRUJILLO,

    Plaintiff,

v.                                              Civ. No. 4-635 MV/GBW

JOE WILLIAMS *et al.*,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before me Plaintiff's Motion for Order Regarding Plaintiff's Filing Fees, Court Costs and other Related Expenses. *Doc. 139.* Having reviewed the Motion, I recommend that the Court grant it in part and award Plaintiff $21.30.

**I.     BACKGROUND**

On August 26, 2011, Plaintiff filed a Motion to be Awarded Filing Fees and Costs to Maintain and Prosecute this Action. *Doc. 123.* In this motion, Plaintiff requested that the Court order Defendants to pay Plaintiff's court costs and filing fees, "as well as the expenses that Plaintiff has accrued as a result of maintaining and prosecuting this action, which would include but is not limited to" sixty dollars in postage fees and thirty dollars in writing materials. *Id.* at 1. Defendants did not respond to Plaintiff's motion. On April 20, 2012 the Court ruled that Plaintiff was entitled to the requested costs per Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. *Doc. 134* at 1. The Court further noted that Defendants' failure to respond constituted consent to the motion under the Local Rules of the District of New Mexico. *Id.* The Court ordered Plaintiff to file an itemized bill of costs he accrued in the prosecution of the matter, excluding any appellate costs because he did not prevail on appeal. *Id.* at 2.

On May 8, 2012, Plaintiff submitted an itemized bill of costs requesting a total of $121.80, representing "approximately the total material cost Plaintiff has expended to prosecute this matter." *Doc. 135* at 1. Of this amount, $21.30 was identified as filing fees, and the remaining $100.50 represented the cost of postage and of various office supplies used by Plaintiff. *Id.* On May 29, 2012, Defendants filed a response to Plaintiff's bill, arguing that neither the postage costs nor the cost of the office supplies was recoverable under § 1920. *Doc. 136* at 1-2. They further argued that because Plaintiff was only partially successful in the underlying matter, that he should only receive filing costs in proportion to the success of his underlying claims. *Id.* at 2-3. Plaintiff responded that Rule 54(d) does permit the recovery of all of his itemized costs. *Doc. 137.* Plaintiff filed the instant motion for order on his initial motion on April 24, 2013. Defendants have filed no responsive briefing.

II. **ANALYSIS**

As the Supreme Court has explained, "[Federal] Rule [of Civil Procedure] 54(d)(1) is straightforward. It provides, in relevant part: 'Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.'" *Marx v. General Revenue Corp.*, 133 S.Ct. 1166, 1172 (2013). The allowable costs are set forth in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 107 S.Ct. 2492, 2497 (1987) ("Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d).").

Plaintiff's itemized costs primarily pertain to office supplies and postage, which are not taxable under § 1920. *See Hadix v. Johnson*, 322 F.3d 895, 899-900 (6th Cir. 2003), *Sheldon v. Vermonty*, 237 F. Supp. 2d 1270, 1285 (D. Kan. 2002); *Bandera v. City of Quincy*, 220 F. Supp. 2d 26, 48 (D. Mass. 2002). I therefore recommend that these costs, amounting to $100. 50, not be taxed against Defendants. The remaining cost for filing fees in the amount of $21.30 is clearly permitted under § 1920 and should be taxed

against Defendant.  *See West v. New Mexico Taxation and Revenue Dept.*, 2011 WL 5223010 at *8 (D.N.M. September 30, 2011).

### III. CONCLUSION

For the forgoing reasons, I recommend taxing Defendants in the amount of $21.30 and disallowing Plaintiff's remaining requested costs.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**