IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JESSE TRUJILLO,

    Plaintiff,

vs.                                     No. CV 04-00635 MV/GBW

JOE WILLIAMS, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO REOPEN CAUSE AND FIND
<u>DEFENDANTS IN CONTEMPT OF THIS COURT'S ORDER</u>**

THIS MATTER is before the Court on the pro se Motion filed by Plaintiff, Jesse Trujillo, asking the Court to reopen this case and find the Defendants in contempt of court (Doc. 147), the Defendants' Response (Doc. 149), Plaintiff's Reply (Doc. 150), Defendants' Surreply (Doc. 151), and Plaintiff's Answer to Surreply (Doc. 152). The Court will grant, in part, and deny, in part, the Motion to reopen this case and will direct the Defendants to continue to comply with the Court's September 30, 2011 Order Adopting Postage Plan (Doc. 129).

Plaintiff, Jesse Trujillo, is a prisoner under control of the New Mexico Corrections Department but housed, under contract, in the State of Virginia. Plaintiff Trujillo is proceeding pro se and *in forma pauperis*. Plaintiff Trujillo filed his Civil Rights Complaint commencing this action on June 4, 2004. (Doc. 1). In his Complaint, Plaintiff Trujillo alleged his constitutional right of meaningful access to the New Mexico state courts, where he was sentenced, was being infringed, in part due to having to pay postage in order to send his filings to New Mexico (Doc. 1 at 4, 11). On September 8, 2004, the Court entered a Memorandum Opinion and Order and a Judgment dismissing the case for failure to state a claim for relief.

1

(Doc. 8, 9). Plaintiff Trujillo appealed from the dismissal, and the Tenth Circuit reversed, in part, and remanded the case to this Court for further proceedings. (Doc. 11, 14).

Trujillo filed an Amended Complaint on April 4, 2007, adding an equal protection claim against the Defendants. (Doc. 19). The Magistrate Judge entered Proposed Findings and Recommended Disposition ("PFRD") on July 13, 2009. (Doc. 62). Plaintiff Trujillo objected to the PFRD. (Doc. 64). On September 30, 2009, the Court entered its Order granting, in part, motions to dismiss filed by the Defendants, overruling Plaintiff's objections, and adopting the Magistrate Judge's PFRD. (Doc. 67). Trujillo appealed to the Tenth Circuit and the appeal was placed in abeyance due to the lack of a final order. (Doc. 69).

Plaintiff Trujillo filed a second Amended Complaint on November 9, 2009, claiming that he was not being provided postage in order to be able to access the New Mexico Department of Corrections grievance system and the New Mexico courts. (Doc. 72). In response to an Order of the Court, the Defendants filed a Martinez Report on May 7, 2010. (Doc. 91). On May 21, 2010, the Court then granted Trujillo *in forma pauperis* status under 28 U.S.C. § 1915 and certified its September 30, 2009 Order for appeal under Fed. R. Civ. P. 54(b). (Doc. 95). Trujillo filed an Amended Notice of Appeal on September 27, 2010, and, on appeal, the Tenth Circuit affirmed this Court's dismissal. (Doc. 97, 104).

The Magistrate Judge then issued a PFRD on Plaintiff's second Amended Complaint on October 5, 2010, recommending that a plan be adopted to provide Plaintiff with access to the New Mexico Corrections Department grievance system and the New Mexico Courts. (Doc. 105). Plaintiff Objected to the PFRD on November 29, 2011. (Doc. 109). On August 3, 2011, the Court overruled the objections, adopted the Magistrate Judge's Report and Recommendations, and ordered that the Defendants file a plan with the Court to enable Plaintiff

to send legal requests and grievances to the NMCD at no expense to himself. (Doc. 120). Plaintiff Trujillo filed a Notice of Appeal, appealing from the Court's August 3, 2011 Order. (Doc. 120). The appeal was, again, held in abeyance due to the lack of a final order.

Defendants filed their Plan to Allow Postage Free Legal Request by Plaintiff to NMCD on August 17, 2011. (Doc. 121). The Plan stated:

> "1. NMCD will provide to Plaintiff in Virginia three (3) standard business envelopes stamped and addressed to NMCD for legal requests and grievances upon acceptance of this plan by the Court.
>
> 2. In the response or reply sent to Trujillo, a new, stamped, pre-addressed envelope will be include for the use of Trujillo in making further requests."

(Doc. 121). The Court adopted Defendants' Plan in its September 30, 2011 Order and entered Final Judgment. (Doc. 129, 130). The Tenth Circuit issued its Mandate, affirming the rulings of this Court, on March 12, 2012. (Doc. 133).

Plaintiff then filed a Motion for Order, asking the Court to enter an order on his request for an award of filing fees and costs on April 24, 2013. (Doc. 139). The Magistrate Judge entered a third PFRD on October 9, 2013. (Doc. 141). The Court adopted the PFRD over objections filed by Plaintiff Trujillo. (Doc. 142, 143). Plaintiff Trujillo also filed a Motion for a temporary restraining Order on February 24, 2014. (Doc. 144). The Court entered an Order and Corrected Order noting that Plaintiff's Motion sought relief on matters beyond the scope of the original complaint and ordering that the Motion be re-docketed as a pleading commencing a new civil rights case. (*See* Doc. 145, 146; *See, also,* No. CV 14-00206 MCA/KK).

Plaintiff Trujillo filed his Motion to Reopen Case on August 4, 2016. (Doc. 147). In his Motion, Plaintiff claims that Defendants are no longer complying with the September 30, 2011

Order and seeks to have the Court reopen this case, require the Defendants to comply with the Court's September 30, 2011 Order, and hold Defendants in contempt. (Doc. 147).

A motion to reopen a case following final judgment proceeds under Fed. R. Civ. P. 60(b). In order to set aside a final order or judgment and reopen a case, a plaintiff must establish one of six enumerated reasons:

> "(1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief."

Fed. R. Civ. P. 60(b)(1)-(6). Plaintiff's Motion does not made the showing necessary to set aside the final judgment in this case, and, to the extent he seeks to reopen the case, the Court will deny the Motion. *See* Fed.R.Civ.P. 60(b).

In addition to reopening the case, Plaintiff Trujillo's Motion seeks enforcement of the terms of the Court's September 30, 2011 Order and a determination that the Defendants are in contempt of the Court's Order. (Doc. 147). The Court retains jurisdiction to enforce its September 30, 2011 Order. *See, e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 56 (1991)(a district court has authority to enforce its orders and impose sanctions for years after entry of final judgment); *Olcott v. Del. Flood Co.*, 76 F.3d 1538, 1553 (10th Cir. 1996); *Floyd v. Ortiz*, 300 F.3d 1223, 1226–27 (10th Cir. 2002). Trujillo's motion is properly characterized as seeking a finding of civil contempt. "A contempt sanction is considered civil if it is remedial and for the benefit of the complainant." *Cottriel v. Jones*, 588 F. App'x 753, 755 (10th Cir. 2014) (quoting

*Federal Trade Comm'n v. Kuykendall,* 371 F.3d 745, 752 (10th Cir.2004) (brackets and internal quotation marks omitted)).

In seeking a civil contempt finding, Trujillo has the initial burden of proving, by clear and convincing evidence, that a valid court order existed, that the defendant had knowledge of the order, and that defendant disobeyed the order. Once Plaintiff makes that showing, the burden then shifts to the Defendants to show either that they have complied with the order or that they could not comply with it. *ClearOne Commc'ns, Inc. v. Bowers,* 651 F.3d 1200, 1210 (10th Cir. 2011) (citations and internal quotation marks omitted); *see also Reliance Ins. Co. v. Mast Constr. Co.,* 159 F.3d 1311, 1315 (10th Cir.1998).

In this case, Plaintiff Trujillo's Motion and the Court record establish the existence of the Court's September 30, 2011 Order, that Defendants have knowledge of that Order, and that Defendants have ceased to comply with the Order. (Docs. 147, 149, 150, 151, 152). Defendants do not contend that they have continued to comply with the Order or could not comply but, instead, seek to have the Court relieve them of further obligation to comply. (Docs. 149, 151). The Court finds that Defendants have not complied with the Court's September 30, 2011 Order and will impose a civil-contempt sanction.

As set out, above, the purpose of a civil-contempt sanction is remedial and is intended to benefit the complainant. *Kuykendall,* 371 F.3d at 752. "In civil contempt, the contemnor is able to purge the contempt ... by committing an affirmative act [to bring himself into compliance]." *Lucre Mgmt. Group, LLC v. Schempp Real Estate, LLC (In re Lucre Mgmt. Group, LLC),* 365 F.3d 874, 876 (10th Cir.2004) (internal quotation marks omitted). The Court will direct Defendants to purge the contempt by continuing to comply with the Plan submitted by Defendants (Doc. 121) and adopted by the Court's September 30, 2011 Order (Doc. 129). If

Defendants wish to be relieved of the obligation to comply with the September 30, 2011 Order, they will be required to file a motion made in compliance with the requirements of Rule 60(b) to have that order set aside.

**IT IS ORDERED**:

(1) Plaintiff's Motion to Reopen Cause and Find Defendants in Contempt of this Court's Order (Doc. 147) is **DENIED IN PART**, to the extent it seeks to reopen this case, and **GRANTED IN PART**, to the extent it seeks enforcement of the Court's September 30, 2011 Order and a civil-contempt sanction; and

(2) Defendants are **DIRECTED** to continue to comply with the postage plan adopted by this Court's September 30, 2011 Order (Doc. 129).

_____
UNITED STATES DISTRICT JUDGE