IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JESSE TRUJILLO,

    Plaintiff,

v.                                                          Civ. No. 4-635 MV/GBW

JOE WILLIAMS,
*Corrections Secretary*,
*New Mexico Correctional Dept.*,
*et al.*,

    Defendants.

## ORDER DENYING MOTION TO RESCIND EXTENSION & REJECT DEFENDANT'S RESPONSE

This matter comes before the Court on Plaintiff's Motion (*doc. 162*) for the Court to rescind its Order granting Defendants an extension of time to file a response (*doc. 158*) and to decline to accept Defendants' filed response (*doc. 160*) for failing to comply with the Federal Rules of Civil Procedure.

On May 25, 2018, Plaintiff filed a Motion to Impose Civil Contempt Sanctions against Defendants (*doc. 154*) for failure to comply with the Court's February 12, 2018 Order requiring Defendants to continue to follow the postage plan adopted by the Court in 2011 (*doc. 153*). On August 1, 2018, the Court ordered Defendants to respond to Plaintiff's Motion by August 14, 2018. *Doc. 155*. Defendants failed to do so. However, on August 23, 2018, Defendants filed a Motion for Extension of Time to

Respond to the August 1 Order (*doc. 157*), which the Court granted retroactively on the following day (*doc. 158*). Plaintiff subsequently filed a Motion for Judgment on August 29, 2018, on the grounds that Defendants had failed to reply by the initial August 14 deadline. *Doc. 159*. The Court denied Plaintiff's Motion for Judgment as moot on September 11, 2018 (*doc. 161*), because Defendants had timely filed their Response by the amended September 4 deadline. Plaintiff filed the instant Motion on September 21, 2018.

Plaintiff alleges that Defendants filed two docket items without service on Plaintiff: (1) Motion for Extension of Time to Respond to the August 1 Order (*doc. 157*) and (2) Response to August 1, 2018 Order to Respond (*doc. 160*). Plaintiff argues that, had he known of Defendants' Motion for Extension, he would have objected to it and was therefore prejudiced by their failure to serve. *Doc. 162* at 1. He further argues that he has been unable to file a Reply in the matter of his Motion for Sanctions (*doc. 154*) because he was not served with Defendants' Response. *Id*. at 2. Because the Federal Rules of Civil Procedure ("FRCP") require Defendants to serve all filings on Plaintiff, Plaintiff requests that the Court reject both filings by Defendants and grant Plaintiff's Motion for Sanctions. *Id*.

Defendants are indeed required, under Rule 5 of the FRCP, to serve all written motions on Plaintiff. *See* Fed. R. Civ. P. 5(a)(D). The service requirement of Rule 5 is

satisfied by mailing the document to the person's last known address.[1]  Fed. R. Civ. P. 5(b)(2)(C).  Service is "complete upon mailing."  *Id*.  Defendants contend in their Response to the present Motion that both documents at issue were served on Plaintiff via U.S. Mail.  *Doc. 164* at 1 ("Defendants duly served their August 23, 2018 motion pleadings (Docs. 156, 157) on Plaintiff by first class U.S. Mail.") ("Defendants duly served their September 4, 2018 Response (Doc. 160) on Plaintiff by first class U.S. Mail.").  Certificates of service by first class mail to Plaintiff's listed address are also attached to both the Motion for Extension of Time (*doc. 157* at 3) and the Response to August 1, 2018 Order to Respond (*doc. 160* at 15).  Because service is complete upon mailing, not receipt, whether Plaintiff actually received the documents is not dispositive.

Additionally, Defendants filed a Certificate of Second Service for Pleadings Originally Served August 23, 2018 and September 4, 2018, in which they certify that they mailed second copies of the relevant Motion and Response to Plaintiff by first class U.S. Mail on October 3, 2018.  *Doc. 165*.  These copies were "mailed according to more-secure measures recently implemented" by NMCD, with the "reasonabl[e] belie[f]" that Plaintiff would in fact receive them.  *Id*. at 2.

---

[1] While the Local Rules provide that electronic filing generally "constitutes service for purposes of Fed. R. Civ. P. 5," Plaintiff is proceeding *pro se* and, as such, is excused from mandatory e-filing.  D.N.M.LR-Civ. 5.1(a).  For "parties excused from electronic filing by…these rules," such as Plaintiff, electronic filing does not constitute service under Rule 5.  *Id*.

3

In short, there is no evidence that Defendants failed to serve Plaintiff with the relevant Motion and Response according to the requirements of Rule 5. Moreover, Defendants have taken additional steps to ensure that Plaintiff receives the filed documents. In any event, Plaintiff has not been prejudiced by the delay in receiving the filings. Defendants' Motion for Extension of Time (*doc. 157*) was granted by Minute Order (*doc. 158*) one day after filing of the Motion, before the time for Plaintiff to respond had expired. This indicates that the Court would have granted the extension regardless of Plaintiff's filed objection. Granting of the extension was permissible under Federal Rule 6(b)(1)(B) upon a finding of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Defendants described sufficient grounds for such a finding in their Motion for Extension of Time, explaining that Marna Trammell, Defendants' attorney of record, left the NMCD Office of General Counsel prior to the Court's Order to Respond, and no one in the Office of General Counsel was aware of subsequent CM/ECF notifications because they continued to be sent to Ms. Trammell's email address. *Doc. 157* at 1. Based on these reasonable grounds, the Court would have granted the extension regardless of Plaintiff's filed objection.

As for Defendants' Response to August 1, 2018 Order to Respond (*doc. 160*), Defendants stipulated and agreed to an extension until October 18, 2018 for Plaintiff to file his Reply with respect to his Motion for Sanctions. *Doc. 164* at 2; *doc. 165* at 2. Defendants further indicated that they were "amenable to any request for a reasonable

further extension of time, if made by Plaintiff." *Doc. 165* at 3. Plaintiff has therefore received ample opportunity to file a Reply, if desired.

For the foregoing reasons, Plaintiff's Motion to rescind granting of the extension and reject Defendants' Response (*doc. 162*) is hereby DENIED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE