IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESSE TRUJILLO,

    Plaintiff,

v.                                                      No. CIV 4-635-MV-GBW

JOE WILLIAMS, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO VACATE OR MODIFY POSTAGE PLAN ORDER

THIS MATTER is before the Court on Defendants' Objections (*doc. 173*)[1] to the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") (*doc. 171*). The Magistrate Judge recommended denying Defendants' Motion Pursuant to Rule 60 Fed. R. Civ. P. to Vacate or Modify September 30, 2011 Postage Plan Order (*doc. 163*). Having conducted an independent, *de novo* review of the Motion (*doc. 163*), the attendant briefing (*docs. 167*, *169*), and the Magistrate Judge's PFRD (*doc. 171*), this Court overrules Defendants' objections and adopts the PFRD.

### BACKGROUND

The facts of this case have been repeatedly recited, most recently in this Court's Order of February 2, 2018. *See doc. 153* at 1–3. The Court here reviews only the facts relevant to the instant Motion.

---

[1] Plaintiff also filed Objections to the Magistrate Judge's PFRD. *Doc. 172*. However, he states that he "has no objections to the Judge[']s recommendations…[a]nd only files this objection to preserve his right to appellate review." *Id*. at 2. Therefore, the Court does not address Plaintiff's Objections except to state that they are noted.

Defendants' Motion to Vacate or Modify was filed on October 3, 2018. *Doc. 163*. However, the postage plan that Defendants seek to vacate or modify dates back to a September 30, 2011 order by this Court. *Doc. 129*. The Court had previously adopted the Report and Recommendations (*doc. 105*) of the Magistrate Judge in finding that Plaintiff Jesse Trujillo, a New Mexico prisoner housed in Virginia, was being denied legal access. *See doc. 120*. The Court consequently ordered Defendants to "file with the Court a plan that will enable Plaintiff to send legal requests and grievances to the NMCD [New Mexico Corrections Department] at no expense to himself." *Id*. at 5. Defendants complied, filing a Plan to Allow Postage Free Legal Request by Plaintiff to NMCD. *Doc. 121*. In it, Defendants proposed that (1) NMCD would initially provide Plaintiff with three standard pre-stamped envelopes and that, thereafter, (2) NMCD would enclose a pre-stamped envelope in any response or reply sent to Plaintiff. *See id*. at 1. The Court adopted Defendants' proposed plan in the September 30, 2011 Order Adopting Postage Plan ("Postage Plan Order"). *See doc. 129*. At this juncture, the Court also entered its Final Judgment. *Doc. 130*.

Approximately five years later, on August 4, 2016, Plaintiff moved to reopen the case and find Defendants in contempt due to their failure to comply with the Postage Plan Order. *Doc. 147*. The Court declined to reopen the case, but granted Plaintiff's Motion as it pertained to enforcement of the existing Order:

> In this case, Plaintiff Trujillo's Motion and the Court record establish the existence of the Court's September 30, 2011 Order, that Defendants have knowledge of that Order, and that Defendants have ceased to comply with the Order. Defendants do not contend that they have continued to comply with the Order or could not comply but, instead, seek to have the Court relieve them of further obligation to comply. The Court finds that Defendants have not complied with the Court's September 30, 2011 Order and will impose a civil-contempt sanction.

*Doc. 153* at 5 (internal citations omitted). This Memorandum Opinion and Order alerted Defendants that if they wished to request modification of the injunction, they would be required to file a motion to that effect.

Defendants subsequently filed their Motion to Vacate or Modify the Postage Plan. *Doc. 163*. Plaintiff filed a Response arguing against modification of the Postage Plan Order (*doc. 167*), and Defendants filed a Reply (*doc. 169*). Pursuant to the Court's Order of Reference (*doc. 15*), the Magistrate Judge filed his Proposed Findings and Recommended Disposition on November 27, 2018. *Doc. 171*. Defendants timely filed their Objections to the PFRD on December 11, 2018. *Doc. 173*.

## LEGAL STANDARD

### I. 28 U.S.C. § 636(b)

This prisoner case was referred to the Magistrate Judge to conduct hearings and perform legal analysis pursuant to 28 U.S.C. § 636(b)(1)(B). *See doc. 15*. Under that referral provision, the Court's standard of review of a magistrate judge's PFRD is *de novo*. *See* 28 U.S.C. § 636(b)(1)(C). When resolving objections to a magistrate judge's PFRD, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Moreover, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). *See also United States v. Garfinkle*, 261

F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.")

In adopting a PFRD, the district court need not "make any specific findings; the district court must merely conduct a de novo review of the record." *Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000). "[T]he district court is presumed to know that de novo review is required. Consequently, a brief order expressly stating the court conducted de novo review is sufficient." *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996) (citing *In re Griego*, 64 F.3d at 583–84). "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." *Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42*, 8 F.3d 722, 724 (10th Cir. 1993). A "terse" order containing one sentence for each of the party's "substantive claims," which did "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion," was held sufficient. *Garcia*, 232 F.3d at 766. The Supreme Court has explained that "in providing for a de novo determination rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (quoting 28 U.S.C. § 636(b)) (citing *Mathews v. Weber*, 423 U.S. 261, 275 (1976)).

## II.     Rule 60

Defendants move the Court to modify or vacate the Postage Plan Order pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b) permits a court to grant "relief from a final judgment, order, or proceeding" on several enumerated grounds. Fed. R. Civ. P. 60(b). It is an "extraordinary" remedy that "may only be granted in exceptional circumstances." *Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000) (internal quotation and citation omitted).

Defendants urge the Court to modify its ruling under either Rule 60(b)(5) or Rule 60(b)(6). *See doc. 163* at 4–5. Rule 60(b)(5) allows a court to relieve a party from a final judgment because "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). In practice, movants seeking Rule 60(b)(5) relief must demonstrate "a significant change in either factual conditions or in law." *Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1194 (10th Cir. 2018) (quoting *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 384 (1992)). *See also Horne v. Flores*, 557 U.S. 433, 447 (2009).

Rule 60(b)(6) is a catch-all provision that allows a court to modify final judgment for "any other reason that justifies relief." Fed R. Civ. P. 60(b)(6). Movants seeking relief under Rule 60(b)(6) must satisfy a higher standard than that required by the other 60(b) provisions. *Saggiani v. Strong*, 718 F. App'x 706, 712 (10th Cir. 2018) (unpublished) (quoting *Zurich N. Am. V. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005)). Rule 60(b)(6) relief is available "only when it offends justice to deny such relief." *Id*.

Finally, Rule 60(c) requires parties to bring their Rule 60(b) motions "within a reasonable time." Fed R. Civ. P. 60(c). There is no definite deadline for motions pursuant to Rules 60(b)(5) or 60(b)(6), but a number of cases, as identified by the Magistrate Judge, have found motions untimely after unjustified delays of several years. *See, e.g.*, *Thompson v. Workman*, 372 F. App'x 858, 861 (10th Cir. 2010) (unpublished) (eight years); *United States v. Green*, 318 F. App'x 652, 654 (10th Cir. 2009) (unpublished) (six years). Movants who had earlier opportunities to file their Rule 60(b) motions must provide satisfactory justification for the delay. *See Myzer v. Bush*, No. 18-3067, 2018 WL 4368189 at *3 (10th Cir. Sept. 13, 2018) (quoting *Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 955 (10th Cir. 2004)).

# ANALYSIS

## I. Validity of the Postage Plan Order at Its Inception

To begin with, Defendants disagree with the Magistrate Judge's conclusion that movants under Rule 60(b)(5) must demonstrate a change in law or factual circumstances to obtain relief from a final judgment. *See doc. 173* at 1. In support of this interpretation, they cite a single case from the Third Circuit Court of Appeals, *Building & Constr. Trades Council v. NLRB*, 64 F.3d 880, 887 (3rd Cir. 1995).

Even supposing that this non-binding authority could outweigh the contrary and more recent Tenth Circuit cases cited in the PFRD, *see, e.g.*, *Jackson*, 880 F.3d at 1200–01, *Building* does not actually support Defendants' argument. The debated issue in the section cited by Defendants was whether to apply the newer, more flexible standard of *Rufo*, or the traditional standard of *United States v. Swift & Co.*, 286 U.S. 106 (1932), in determining the availability of relief under Rule 60(b)(5). *See Building*, 64 F.3d at 884–87. Although the non-moving party urged the court to limit *Rufo*'s application only to institutional reform consent decrees, the court declined to make a rigid distinction between different types of injunction. *Id*. at 888. Nonetheless it acknowledged that "[c]entral to the court's consideration will be whether the modification is sought because changed conditions unforeseen by the parties have made compliance substantially more onerous or have made the decree unworkable." *Id*. More instructively still, the court described the Supreme Court's decision in *Rufo* as follows:

> [The Court] stated that even when seeking modification of an institutional reform consent decree, the party seeking modification must establish "that a significant change in circumstances warrants revision of the decree." Rule 60(b)(5) does not authorize relief merely "when it is no longer convenient to live with the terms of a consent decree."

*Id*. at 886 (internal citations omitted) (citing *Rufo*, 502 U.S. at 383, 385). Ultimately, the *Building* court denied the 60(b)(5) motion to dissolve the injunctions because "[n]othing shown by [the

movant] approaches the type of changed circumstances" justifying modification, and "[the movant] has made no showing that changed circumstances have made adherence to the compliance procedure substantially more onerous or have made the compliance procedure unworkable." *Id*. at 891.

Even under the "flexible" *Rufo* standard, therefore, the Third Circuit recognized that a change in either law or factual circumstances is required. Upon *de novo* review, this Court agrees with the Magistrate Judge's parallel analysis of Supreme Court and Tenth Circuit precedent. *See doc. 171* at 12–13 ("the antecedent consideration is whether there has been a significant change in circumstances warranting relief") (citing *Horne*, 557 U.S. at 449–50; *Jackson*, 880 F.3d at 1200–01). Defendants' contentions that the Postage Plan Order did not "conform to the criteria articulated in *Jackson*" at its inception (*doc. 173* at 5), that the Court's 2011 injunction was "contrary to applicable law" (*id*. at 6), and that "Defendants were not in violation of the law...even as of when the 2011 Postage Plan issued" (*id*. at 7), are therefore largely extraneous to the question at hand. This Court agrees with the Magistrate Judge that the validity or wisdom of the Postage Plan Order, at the time it was entered, has no bearing on the availability of Rule 60(b)(5) relief absent an intervening change in circumstances.

Defendants essentially urge this Court to adopt the position that, if the Postage Plan Order was originally wrong or inadvisable, "equity demands" that the Court grant the Motion under Rule 60(b). *Id*. at 6. In so doing, Defendants misapprehend the purpose of Rule 60(b)(5). It does not provide parties with endless opportunities to relitigate issues that were existing and fully evident at the time of the original order. Rather, it requires a significant change in law or factual conditions *in addition to* other circumstances justifying modification. *See Jackson*, 880 F.3d at 1200.

7

Conditions existing at the time of the original order patently do not constitute a change in factual conditions.

As for Rule 60(b)(6), which allows modification for "any other reason that justifies relief," Fed R. Civ. P. 60(b)(6), movants are required to show "extraordinary circumstances justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (internal quotation and citations omitted). Defendants' argument that the 2011 Postage Plan—which they themselves proposed—was mistaken at its inception, though they failed to raise these concerns then or in the seven-year interim, certainly does not constitute a showing of "extraordinary circumstances."

Finally, even had Defendants raised a valid argument for Rule 60(b) modification, this Court fully adopts the Magistrate Judge's position that Defendants' Motion is barred by the provisions of Rule 60(c). *See* Section V, *infra*. Careful review of Defendants' Objections (*doc. 173*) and Motion (*doc. 163*) reveals not the slightest justification for Defendants' seven-year delay in seeking relief from the Postage Plan Order. Any argument that the Postage Plan Order was mistaken "from the start" (*doc. 173* at 7) could have been made at any time since 2011, and the frankly inexplicable failure to do so is fatal to Defendants' case.

### II. "Onerous Burden" of Continued Compliance

Defendants acknowledge that the cost of postage is "not of the magnitude" of the injunctions at issue in *Jackson*, 880 F.3d at 1188 ($50 million and still accruing), or *Horne*, 557 U.S. at 448 ($20 million, growing at a rate of $2 million per day). *See doc. 173* at 6. However, they maintain that NMCD's obligations under the Postage Plan Order "create an onerous burden" and "place[] non-trivial and unnecessary burdens upon prison administrators." *Id*.

The sum total of this "onerous burden" appears to be that Plaintiff may use his envelopes to send grievances to NMCD, which NMCD will have no authority to address. *See id*. at 5, 7.

NMCD will be thereby subjected to the hardship of occasionally receiving unproductive mail, and possibly to the costs of providing several stamps and envelopes per year. Defendants urge that "repeating the exercise every time Plaintiff uses another postage-paid envelop [sic] to lodge another futile grievance is a meaningless exercise, remedying no wrong." *Id*. at 7. Assuming without deciding that this is the case, Defendants have nevertheless failed to fulfill the antecedent requirement of changed circumstances, meaning that Rule 60(b)(5) relief is unavailable. *See* Section I, *supra*. They have also failed to demonstrate that their burden is such that it would "offend[] justice" to deny modification under Rule 60(b)(6). *Saggiani*, 718 F. App'x at 712 (quoting *Zurich*, 426 F.3d at 1293). The Court therefore rejects this argument.

### III. Alternative and More Effective Means

Defendants next briefly argue, just as in their Motion, that alternative and superior means exist for achieving the aims of the Postage Plan Order. Specifically, they allege that "electronic communications" would be preferable to communication by first-class mail. *Doc. 173* at 8.

For the reasons outlined in Section I, *supra*—namely, that Defendants indicate no change in factual conditions from 2011[2]—the Court declines to investigate the possibility of viable alternatives, except to note the particular irony of Defendants' position. Defendants point out that Magistrate Judge Schneider, in his 2011 PFRD, mentioned email as a preferable alternative to first-class mail. *See doc. 173* at 8 (citing *doc. 105* at 7). They then argue: "The 2011 Postage Plan did not select this method…but that does not mean the original form of injunctive relief cannot be re-visited now." *Id*. In fact it was not the Court, but Defendants themselves, who proposed the 2011 Postage Plan. *See doc. 121*. NMCD had the opportunity either to object to the proposition that Plaintiff needed to send legal requests by mail, or to propose an alternative scheme for facilitating

---

[2] In fact, Defendants explicitly state that the Court's finding that Plaintiff needed to use the mail to conduct research "was not really accurate in 2011." *Doc. 173* at 8.

9

his access. In short, if Defendants now lament the failure to develop a more efficient and functional plan, they have only themselves to blame.

## IV. Changed Factual Condition of Indigency

Defendants next assert that, if Rule 60(b)(5) requires a change in factual conditions, such a change has occurred: namely, Plaintiff may no longer be indigent. *Doc. 173* at 9. They disagree with the Magistrate Judge's determination that they failed to actually allege or provide evidence of Plaintiff's indigency. *See id*. at 9–10. To quote Defendants' Motion, however:

> The 2011 Postage Plan implicitly presumed that Plaintiff is permanently indigent. This *might not be the case*. Plaintiff's complaint about the co-pay for medical services certainly *implies this possibility*.

*Doc. 163* at 16 (emphasis added). The Court agrees with the Magistrate Judge that the bare possibility of Plaintiff's no longer being indigent does not meet the standard of Rule 60(b)(5). More is required to invoke the "extraordinary" remedy of relief from a final judgment. *Paraclete*, 204 F.3d at 1009.

Defendants contend that the Court "should place the burden to prove Plaintiff's indigency (and entitlement to this unusual injunctive relief) on Plaintiff as the recipient of equitable relief on the grounds of indigency." *Doc. 173* at 10. This suggestion demonstrates a fundamental misunderstanding of the nature of relief under Rule 60. It is the moving party, not the "recipient of equitable relief," who carries the burden of demonstrating a significant change in law or fact. *See Jackson*, 880 F.3d at 1194; *Horne*, 557 U.S. at 447. At this juncture, Plaintiff has no burden to demonstrate his indigency or lack thereof.

Defendants alternatively suggest that the Court modify the Postage Plan Order to require continued proof of Plaintiff's indigency. *See doc. 163* at 16. But the Postage Plan Order contains no mention of indigency, and the alleged need for this provision was at least as evident in 2011 as

10

it was in 2018, when Defendants first requested Rule 60(b) relief. To ask for a modification of the injunction requiring proof of continued indigency is to ask for modification of the injunction without a demonstrated change in factual conditions. For the reasons discussed in Section I, *supra*, this request lies outside the scope of Rule 60(b)(5). Nor does it meet the higher standard of Rule 60(b)(6).

The Court notes one final point with respect to Rule 60(b). According to Defendants' own authority, one factor relied on by courts in determining whether to modify an injunction, once a change in factual conditions has been established, is the good faith of the movant. *See Building*, 64 F.3d at 888 (considering "whether the party…has complied or attempted to comply in good faith with the injunction"). Defendants have in fact exhibited an exceptional lack of good faith in attempting to comply with the Postage Plan Order. *See doc. 153* (finding Defendants in contempt of this Court's Order). Rather than filing their Motion for relief immediately upon determining that compliance was too arduous, Defendants elected to ignore and defy the Court's Order. As a result, Defendants have been non-compliant since at least 2016. *See doc. 147* at 2, *doc. 163* at 18 (Director Roark "informed Plaintiff that no more postage-free envelops [sic] would be provided"). To the extent that the Court may, as Defendants claim, exercise discretionary equitable powers under Rule 60(b), this lack of good faith weighs heavily against any modification of the injunction. Moreover, it certainly weighs against any finding that failure to modify the injunction under 60(b)(6) would "offen[d] justice." *Saggiani*, 718 F. App'x at 712 (quoting *Zurich*, 426 F.3d at 1293.

## V. Rule 60(c) Timeliness

Finally, Defendants argue that "the passage of time does not of itself make an injunction unassailable." *Doc. 173* at 10. This argument, however, provides no meaningful response to the

Magistrate Judge's findings. The PFRD stated only the following: "A Rule 60(b) motion can properly be denied because of an unreasonable delay in filing." *Doc. 17* at 17. The Magistrate Judge then determined that Defendants delayed filing for approximately seven years and have provided no justification for this delay. *See id*. Nowhere in the PFRD was it asserted that the passage of time, in and of itself, makes an injunction unchangeable. Rule 60(c) requires movants to file "within a reasonable time," Fed R. Civ. P. 60(c), and the Tenth Circuit requires movants to provide satisfactory justification for any significant delay. *See, e.g., Myzer*, 2018 WL 4368189 at *3. This Defendants have failed to do.

In short, Rule 60 does not permit courts to freely alter final judgments when parties change their minds about the wisdom of their prior proposals, especially not after seven years have elapsed, and especially not when those parties have chosen to defy a Court Order instead of filing a motion for relief.

## CONCLUSION

It is therefore ORDERED, ADJUDGED, AND DECREED that Defendants' Objections (*doc. 173*) are overruled, and the Magistrate Judge's Proposed Findings and Recommended Disposition (*doc. 171*) is ADOPTED upon *de novo* review.

IT IS FURTHER ORDERED that Defendants' Motion Pursuant to Rule 60 Fed. R. Civ. P. to Vacate or Modify September 30, 2011 Postage Plan Order (*doc. 163*) is DENIED. Defendants are therefore ORDERED to continue complying with the September 30, 2011 Postage Plan (*doc. 129*).

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**