IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JESSE TRUJILLO,

    Plaintiff,

v.                                                                                                   No. CIV 04-635-MV-GBW

JOE WILLIAMS, et al.,

    Defendants.

### MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendants' Motion Pursuant to Rule 60 Fed.R.Civ.P. to Modify April 18, 2019 Opinion and Order [Doc. 182]. The Court, having considered the motion, briefs, and relevant law, and being otherwise fully informed, finds that the Motion is well-taken and will be granted.

### BACKGROUND

In a Memorandum Opinion and Order entered on August 3, 2011, this Court adopted the Report and Recommendations of the Magistrate Judge in finding that Plaintiff Jesse Trujillo, a New Mexico prisoner housed in Virginia, was being denied legal access. Doc. 120. The Court consequently ordered Defendants to "file with the Court a plan that will enable Plaintiff to send legal requests and grievances to the NMCD [("New Mexico Corrections Department")] at no expense to himself." *Id*. at 5. Defendants complied, filing a Plan to Allow Postage Free Legal Request by Plaintiff to NMCD. Doc. 121. In its Plan, Defendants proposed that (1) NMCD would initially provide Plaintiff with three standard pre-stamped envelopes and that, thereafter, (2) NMCD would enclose a pre-stamped envelope in any response or reply sent to

1

Plaintiff. *See id*. at 1. The Court adopted Defendants' proposed plan in its September 30, 2011 Order Adopting Postage Plan ("Postage Plan Order"). Doc. 129. The Court also entered its Final Judgment. Doc. 130.

Approximately five years later, on August 4, 2016, Plaintiff moved to reopen the case and find Defendants in contempt due to their failure to comply with the Postage Plan Order. Doc. 147. In a Memorandum Opinion and Order entered on February 12, 2018 ("Contempt Order"), the Court declined to reopen the case, but granted Plaintiff's motion as it pertained to enforcement of the Postage Plan Order, holding as follows:

> In this case, Plaintiff Trujillo's Motion and the Court record establish the existence of the Court's September 30, 2011 Order, that Defendants have knowledge of that Order, and that Defendants have ceased to comply with the Order. Defendants do not contend that they have continued to comply with the Order or could not comply but, instead, seek to have the Court relieve them of further obligation to comply. The Court finds that Defendants have not complied with the Court's September 30, 2011 Order and will impose a civil-contempt sanction.

Doc. 153 at 5 (internal citations omitted). The Court held Defendants in contempt for their failure to comply with the Postage Plan Order, indicated that Defendants could "purge the contempt by continuing to comply with the [Postage Plan Order]," and "**DIRECTED** [Defendants] to continue to comply with the postage plan adopted by this Court's September 30, 2011 Order." *Id.* at 5, 6. The Court further directed that, if Defendants wished "to be relieved of the obligation to comply with the [Postage Plan Order], they were required to file a motion made in compliance with the requirements of Rule 60(b)." *Id.* at 6.

On May 25, 2018, Plaintiff filed a motion requesting that the Court impose civil contempt sanctions on Defendants for their continued failure to comply with the Postage Plan Order ("Motion for Sanctions"). Doc. 154. In his motion, Plaintiff stated that "nearly 3 months [had] passed since this Court issued the [Contempt] Order and the Defendants [had] made

2

absolutely no effort to comply, by providing Plaintiff postage free envelopes for him to file grievances in New Mexico." *Id.* Plaintiff requested that this Court impose civil contempt sanctions against Defendants and order that Defendants return Plaintiff to New Mexico. *Id.*

Defendants failed to timely respond to Plaintiff's Motion for Sanctions, and on August 1, 2018, Magistrate Judge Gregory B. Wormuth entered an Order to Respond, ordering that Defendants respond to Plaintiff's Motion for Sanctions no later than August 14, 2018. Doc. 155. On August 23, 2018, Defendants filed a motion for an extension of time in which to respond to Plaintiff's Motion for Sanctions, stating that they did not have notice of Plaintiff's Motion for Sanctions or the Order to Respond until August 23, 2018. Doc. 157. On August 24, 2018, Judge Wormuth granted Defendants' motion for an extension, and set a deadline of September 4, 2018 for Defendants' response. Doc. 158. Defendants filed their response on September 4, 2018, in which they objected to Plaintiff's request for sanctions. Doc. 160.

Thereafter, on October 3, 2018, Defendants filed a motion to vacate the Postage Plan Order, pursuant to Rule 60 of the Federal Rules of Civil Procedure. Doc. 163. Plaintiff opposed the request. Pursuant to this Court's Order of Reference, Judge Wormuth filed his Proposed Findings and Recommended Disposition ("PFRD") on November 27, 2018, recommending that Defendants' motion be denied. Doc. 171. Defendants filed objections to the PFRD on December 11, 2018. Doc. 173. In a Memorandum Opinion and Order dated January 22, 2019 ("Order Denying Motion to Vacate"), this Court overruled Defendants' objections and adopted the PFRD. Doc. 174. In the Order Denying Motion to Vacate, the Court found that Defendants failed to meet the standard under Rule 60(b) for several reasons, including the fact that Defendants "exhibited an exceptional lack of attempting to comply with the Postage Plan Order." *Id.* at 11. Specifically, "[r]ather than filing their Motion for relief

3

immediately upon determining that compliance was too arduous, Defendants elected to ignore and defy the Court's Order. As a result, Defendants have been non-compliant since at least 2016." *Id.* Defendants appealed the Order Denying Motion to Vacate, and the Tenth Circuit affirmed, finding "that the district court did not abuse its discretion in denying Defendants' Rule 60(b) motion." *Trujillo v. Lucero*, __ F. App'x __, 2019 WL 4879802, at *2 (10th Cir. Oct. 3, 2019).

On April 18, 2019, the Court entered a Memorandum Opinion and Order granting Plaintiff's Motion for Sanctions ("Second Contempt Order"). Doc. 182. In the Second Contempt Order, the Court noted that Plaintiff represented, and Defendants did not contest, that, despite the Contempt Order specifically directing them to comply with the Postage Plan Order, Defendants had failed to provide him with postage-free envelopes in accordance with the Postage Plan Order. *Id.* at 5. Because Defendants had not complied with its orders, the Court found that it had discretion to use its contempt power to coerce Defendants' compliance with the Contempt Order and Postage Plan Order and to compensate Plaintiff for any losses that he sustained by reason of Defendants' noncompliance with those orders. *Id.* at 7. The Court ordered Defendants to provide Plaintiff with 200 forever stamps and 200 blank envelopes no later than May 13, 2019. *Id.* at 9. The Court further ordered that, if Defendants failed to comply with this directive, they would be required not only to provide Plaintiff with 200 forever stamps and 200 blank envelopes, but also to pay a fine of $1,000 to Plaintiff. *Id.*

Thereafter, on April 23, 2019, Defendants filed the instant motion to modify the Second Contempt Order ("Motion to Modify"). Doc. 183. In the Motion to Modify, Defendants do not ask the Court to alter its award of sanctions, but rather ask the Court only to modify the language in the Second Contempt Order "to acknowledge the Defendants' efforts since 2018 to

4

comply with the Postage Plan Order." *Id.* at 9.  Plaintiff opposes the Motion to Modify. Doc. 185.

## DISCUSSION

In their Motion to Modify, Defendants contend that the Court "overlooked that Defendants have been regularly supplying Plaintiff with postage-paid envelopes since August 2018," and that as a result, "the Court should exercise its authority to amend the [Second Contempt Order] to accurate reflect the record of Defendants' compliance efforts." *Id.* at 1, 9. Defendants characterize their motion as one for relief from a judgment or order pursuant to Rule 60 (a) or (b) of the Federal Rules of Civil Procedure.

Rule 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). This provision "may be relied on to correct what is erroneous because the thing spoken, written, or recorded is not what the person *intended* to speak, write, or record." *McNickle v. Bankers Life & Cas. Co.*, 888 F.2d 678, 682 (10th Cir. 1989) (emphasis in original). Rule 60(a) may not, however, "be used to change something that was deliberately done, even though it was later discovered to be wrong." *Id.* Accordingly, "a correction under Rule 60(a) should require no additional proof." *Id.*

Although Defendants argue that "Rule 60(a) is the more applicable rule," Doc. 183 at 8, there is no basis to apply Rule 60(a) here. Nowhere do Defendants suggest that the Court intended to write something different from what it wrote, *i.e.*, made a clerical or typographical error in the Second Contempt Order. Rather, Defendants contend that the Court's deliberate characterization of their lack of compliance with the Court's prior orders was inaccurate. Further Defendants rely on additional proof in the form of an affidavit to prove their point.

5

Under these circumstances, the modification requested by Defendants is not the sort of correction envisioned by Rule 60(a) which, as noted above, is undertaken solely to conform the Court's written order to its original intention, and thus would require no additional proof.

Rule 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Rule 60(b)(1) motions premised upon mistake are intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999).

Defendants argue that "Rule 60(b)(1) might [] apply insofar as the Court appears to have overlooked the record regarding compliance efforts." Doc. 183 at 8. Defendants thus appear to invoke Rule 60(b)(1) to correct what they believe to be a substantive mistake of fact in the Second Contempt Order.

A careful reading of Defendants' response in opposition to Plaintiff's Motion for Sanctions suggests that Defendants overstate the substantive nature of the Court's mistake. In the entirety of their response, Defendants only twice mentioned that, after being ordered to respond to Plaintiff's Motion for Sanctions, on August 23, 2018 (the same day on which they filed their motion for an extension of time in which to respond to Plaintiff's Motion for Sanctions) Defendants mailed Plaintiff six postage-paid envelopes. Doc. 160 at 4, 14. Defendants also represented that "NMCD will endeavor to continue supplying Plaintiff with additional postage-paid envelopes until such time as their motion [for Rule 60(b) relief from the

6

Postage Plan Order] is decided." *Id.* at 14. The remainder of Defendants' response was devoted to arguing why "NMCD officials will remain unable to provide substantive response to any inmate grievance Plaintiff might attempt to lodge with NMCD." Doc. 160 at 4. Indeed, less than three pages of Defendants' 15-page response even addressed the issue before the Court, namely, why Plaintiff should (or should not) be awarded sanctions. And in that three-page section, Defendants did not discuss their compliance efforts, but rather claimed that "Plaintiff appears to have misrepresented his situation in several important respects and appears to be attempting to take unfair advantage of misplaced concern about lack of legal access." *Id.* In turn, Defendants based this claim on their contentions that "there is a very real possibility that Plaintiff is not even indigent," "Plaintiff surely is aware that he has recourse to the VDOC grievance procedure," and "neither of the named Defendants (Joe Williams and Elmer Bustos) personally violated the [Postage Plan] Order." *Id.* at 12-14. Thus, rather than detail their efforts at compliance, Defendants chose instead to argue (and reargue) the myriad reasons why they believed that the burden placed on them by the Postage Plan Order and reinforced by the Contempt Order was unwarranted. *See id.* at 7.

Perhaps because the Court explained in the Second Contempt Order that "Defendants' belief that the Contempt Order and the Postage Plan Order are invalid does not excuse them from compliance," *id.* at 7 (citation omitted), Defendants now take a different approach. On their instant Motion to Modify, Defendants refocus their argument on the efforts they have taken to provide Plaintiff with envelopes from August 2018 forward. Defendants contend that the Second Contempt Order should be modified because it did not accurately recount "the course of action" taken by Defendants to comply with the Court's prior orders and "to avoid inadvertently or unintentionally failing to re-supply Plaintiff if he uses one of his envelopes." Doc. 183 at 2.

The affidavit of Leslie Garcia, paralegal in the Office of General Counsel for the NMCD, submitted in support of Defendants' Motion to Modify demonstrates the following relevant actions by Defendants: (1) on August 23, 2018, Defendants mailed six postage-paid envelopes to Defendant; (2) from October 2018 through April 2019, sent Plaintiff three postage-paid envelopes at the start of each month. Doc. 183-1 ¶¶ 2-3. Importantly, Defendants' response to Plaintiff's Motion for Sanctions was filed on September 4, 2018, and Defendants filed no supplemental briefing on Plaintiff's Motion for Sanctions before the Court entered the Second Contempt Order, which disposed of Plaintiff's Motion for Sanctions. Accordingly, when it entered the Second Contempt Order, the Court was not on notice of Defendants' mailing of envelopes to Plaintiff from October 2018 through April 2019, and thus could not reasonably have been expected to include this fact in the Second Contempt Order. The only action taken by Defendants that the Court arguably could and should have included in the Second Contempt Order was the mailing of six postage-paid envelopes on August 23, 2018.

It remains unrefuted that during the three-month period between entry of the Contempt Order in February 2018 and Plaintiff's filing of his Motion for Sanctions in May 2018, Defendants failed to provide Plaintiff with any envelopes. It also remains unrefuted that during the three-month period between Plaintiff's filing of his Motion for Sanctions in May 2018 and August 2018, Defendants failed to provide Plaintiff with any envelopes. Under these circumstances, it appears somewhat of a stretch to characterize as a *substantive* mistake the Court's failure to include in the Second Contempt Order the fact that Defendants – after missing the deadline to respond to Plaintiff's Motion for Sanctions, being ordered to respond, and asking for an extension of time to respond – ultimately sent Plaintiff six envelopes on August 23, 2018.

Nonetheless, the Court recognizes that it has discretion under Rule 60(b)(1) to correct its own mistakes. In the interest of ensuring that the record in this matter is complete and accurate, the Court will exercise its discretion to modify the Second Contempt Order to reflect the previously omitted facts that were before it at the time of entry of the Second Contempt Order. Accordingly, the Second Contempt Order shall be modified to reflect that on August 23, 2018, Defendants mailed six postage pre-paid envelopes to Plaintiff, and that Defendants represented to the Court that they would endeavor to continue supplying Plaintiff with additional postage-paid envelopes until such time as their motion for relief from the Postage Plan Order was decided.

## CONCLUSION

For the reasons set forth above, the Court will exercise its discretion under Rule 60(b)(1) to modify the Second Contempt Order to include the following facts that, although before the Court, were omitted from the Second Contempt Order: on August 23, 2018, Defendants mailed six postage pre-paid envelopes to Plaintiff, and Defendants represented to the Court that they would endeavor to continue supplying Plaintiff with additional postage-paid envelopes until such time as their motion for relief from the Postage Plan Order was decided.

**IT IS THEREFORE ORDERED** that Defendants' Motion Pursuant to Rule 60 Fed.R.Civ.P. to Modify April 18, 2019 Opinion and Order [Doc. 182] is **GRANTED** as follows: the Court's Memorandum Opinion and Order entered on April 18, 2019, Doc. 182, is hereby modified to reflect that on August 23, 2018, Defendants mailed six postage pre-paid envelopes to Plaintiff, and that Defendants represented in their response to Plaintiff's motion for sanctions, Doc. 160, that they would endeavor to continue supplying Plaintiff with additional postage-paid

9

envelopes until such time as their motion for relief from the Court's Memorandum Opinion and

Order entered on September 30, 2011, Doc. 129, was decided.

    DATED this 7th day of January, 2020.

                                                   MARTHA VÁZQUEZ
                                                 United States District Judge